UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| STEPHEN NEFF )<br>　　Plaintiff, )<br> )<br>v. )<br> )<br>MEDIATION PROCESSING )<br>SERVICES, LLC )<br>　　Defendant, )<br> ) | Civil Action No. |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

## I.   INTRODUCTION

1. This is an action for actual and statutory damages brought by plaintiff Stephen Neff, an individual consumer, against Defendant's violations of the law, including, but not limited to, violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices; by this Defendant and its agents in their illegal efforts to collect a consumer debt from Plaintiff.

## II.   JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before, "[A]ny appropriate United States district court without regard to the amount in controversy," and also under 28 U.S.C. § 1331 and 1337.

3. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred here. Since Defendant transacts business here, personal jurisdiction is established.

### III.  PARTIES

4. Plaintiff, Stephen Neff (hereinafter "Plaintiff") is a consumer, as that term is defined by 15 U.S.C. § 1692a(3), as well as a natural person allegedly obligated to pay any debt, residing in Merrimack County, in the state of New Hampshire.

5. Defendant, Mediation Processing Services, LLC (hereinafter "Defendant") is a collection agency and foreign corporation engaged in the business of collecting debt in this state with its principal place of business located in Clay County, in the state of Florida.

6. Plaintiff is informed and believes, and thereon alleges, that Defendant uses instrumentalities of interstate commerce or the mails in any business, the principal purpose of which being the collection of debts. Defendant is engaged in the collection of debts from consumers using the mail, electronic mail, facsimile, and telephone, and regularly collects or attempts to collect, directly or indirectly, debts owed or due or

alleged to be owed or due another, being a ''debt collector'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

7.  At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### IV.    FACTUAL ALLEGATIONS

8.  Sometime before April 15, 2021, Plaintiff incurred a financial obligation that was primarily for personal, family, or household purposes and was therefore a 'debt', as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

9.  Upon information and belief, at some point the alleged debt was consigned, placed or otherwise transferred to Defendant for collection from Plaintiff.

10.  The debt that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment, as, again, defined by the FDCPA, 15 U.S.C. § 1692a(5).

11. Defendant then, within one year prior to the filing of this complaint, contacted Plaintiff in writing, in a "Debt Settlement Offer" letter via email on April 17, 2020; seeking and demanding payment for an alleged consumer debt owed under an account number.

12. Upon information and belief, said written correspondence that Defendant sent to Plaintiff on April 17, 2020 was the first communication to Plaintiff by Defendant.

13. Upon information and belief, Defendant failed to disclose in that first communication to Plaintiff that the communication was from a debt collector.

14. Upon information and belief, Defendant failed to disclose in that first communication to Plaintiff that Plaintiff had the option to dispute the validity of the alleged debt within thirty days.

15. Upon information and belief, Plaintiff contacted Defendant to discuss the debt, and was threatened with court action by Defendant, when Defendant cannot sue Plaintiff itself.

16. Upon information and belief, Defendant does not have a registered agent in the State of New Hampshire in violation of RSA 293-A:15.07, and therefore cannot do business in the State of New Hampshire and cannot attempt to collect a debt from New Hampshire residents.

17. Each aforementioned communication between Plaintiff and Defendant was a "communication", as defined by 15 U.S.C. § 1692a(2), and Defendant's conduct was in violation of the FDCPA, including but not limited to 15 U.S.C. §§1692d; §1692e(11), §1692g, and §1692f.

## V.  CAUSES OF ACTION

### COUNT I
### Violations of the Fair Debt Collection Practices Act
### 15 U.S.C. § 1692 et seq.

18. Plaintiff repeats, realleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the provisions of the FDCPA, 15 U.S.C. § 1692 et seq., cited above, with respect to Plaintiff.

20. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay on the alleged debt.

21. As a result of the foregoing violations of the FDCPA in its attempts to collect on the alleged debt, Defendant is liable to the Plaintiff for actual damages pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A), and reasonable costs and attorney fees pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

### VI.     PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Stephen Neff respectfully requests that judgment be entered against Defendant for the following:

A. Actual damages from Defendant pursuant to 15 U.S.C. § 1692k(a)(1) for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations; in amounts to be determined at trial and for Plaintiff.

B. Statutory damages of $1,000.00 per each respective debt that Defendant violated the FDCPA in regard to, from Defendant pursuant to 15 U.S.C. § 1692k(a)(2)(A).

C. Costs and reasonable attorney fees from Defendant and for Plaintiff pursuant to 15 U.S.C. § 1692k(a)(3).

D. Punitive damages.

E. For such other and further relief as the Court may deem just and proper.

Dated:  April 15, 2021          RESPECTFULLY SUBMITTED,

                  By: /s/ Carolina K. Tumminelli
                  Carolina K. Tumminelli, Esq.
                  BBO:  20134
                  Law Offices of Carolina K. Tumminelli, PLLC
                  14 Fletcher Street
                  Chelmsford, Massachusetts 01824
                  Phone: (978)256-9655
                  Fax: (78) 250-1171
                  Email: ckt@carolinaktumminelli.com
                  **Attorney for Plaintiff**

## **DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff Stephen Neff demands trial by jury in this action on all issues so triable.  US Const. amend. 7. Fed.R.Civ.P. 38.