**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

Stephen Neff

     v.                          Case No. 21-cv-310-JL

Mediation Processing Services, LLC

## REPORT AND RECOMMENDATION

The plaintiff, Stephen Neff, sued defendant Mediation Processing Services, LLC ("MPS"), for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p.  On June 25, 2021, the Clerk of Court entered default against MPS for failing to respond to Neff's complaint.  Doc. no. 6.  Before the court for Report and Recommendation is Neff's motion for default judgment (doc. no. 7).  See Fed. R. Civ. P. 55(b)(2).  MPS has not objected.  For the reasons that follow, the court recommends that Neff's motion be granted.

### Standard of Review

After default is entered and when the amount at issue is not a sum certain, "the party must apply to the court for a default judgment."  Fed. R. Civ. P. 55(b)(2).  Before entering a default judgment, the court "may examine a plaintiff's complaint, taking all well-pleaded factual allegations as true, to determine whether it alleges a cause of action."  Ramos-Falcon v. Autoridad de Energia Electrica, 301 F.3d 1, 2 (1st Cir. 2002) (citing Quirindongo Pacheco v. Rolon Morales, 953

F.2d 15, 16 (1st Cir. 1992)).  The defaulting party is "taken to
have conceded the truth of the factual allegations in the
complaint . . . ."  Ortiz-Gonzalez v. Fonovisa, 277 F.3d 59, 62
(1st Cir. 2002) (quoting Franco v. Selective Ins. Co., 184 F.3d
4, 9 n.3 (1st Cir. 1999)).  However, "[t]he defaulting party
does not admit the legal sufficiency of [the] claims."  10 James
W. Moore, Moore's Federal Practice § 55.32[1][b] (3d ed. 2013).
In short, "before entering default judgment, the court must
determine whether the admitted facts state actionable claims."
United States v. Sullender, No. 16-cv-523-LM, 2018 WL 1368040,
at *1 (D.N.H. Mar. 16, 2018) (citation omitted).

## Background

By virtue of its default, MPS concedes the following facts
alleged in Neff's complaint.  Prior to April 15, 2021, Neff
incurred a financial obligation for personal, family or
household purposes.  After Neff incurred this financial
obligation, it was consigned, placed, or otherwise transferred
to MPS for collection from Neff.  Aside from indicating that
Neff incurred a financial obligation, which Neff contends would
constitute a "debt" under the FDCPA, there are no further
allegations about the "debt."  See generally doc. no. 1.

MPS is a collection agency engaged in the business of
collecting debt.  MPS is a foreign corporation and does not have
a registered agent in New Hampshire.  Neff also alleges that MPS

uses instrumentalities of interstate commerce or mails in a business which has a principal purpose of collecting debt.

On April 17, 2020, MPS emailed Neff a letter titled "Debt Settlement Offer" which demanded payment for an alleged consumer debt owed under a certain account number.  This letter was the first communication to Neff by MPS.  The letter neither disclosed that the communication was from a debt collector, nor that Neff had the option to dispute the validity of the alleged debt within thirty (30) days. Neff contacted MPS and, during that interaction, MPS threatened him with court action.  Neff alleges each of MPS' actions were intentional and carried out with the purpose of coercing Neff to pay the alleged debt.  <u>Id.</u> ¶ 20.

## <u>Discussion</u>

Neff seeks actual and statutory damages, as well as reasonable costs and attorney's fees under the FDCPA.

### I.   <u>Liability</u>

"In order to prevail on an FDCPA claim, a plaintiff must prove that: 1) the plaintiff has been the object of collection activity arising from consumer debt, 2) the defendant is a debt collector as defined by the FDCPA, and 3) the defendant has engaged in an act or omission prohibited by the FDCPA." <u>Gustafson v. Recovery Servs.</u>, No. 14CV305-JD, 2015 WL 5009108, at *2 (D.N.H. Aug. 21, 2015).

By virtue of its default, MPS conceded facts which satisfy the first two requirements of his FDCPA claim.  Caribbean Produce Exch. v. Caribe Hydro-Trailer, Inc., 65 F.R.D. 46, 48 (D.P.R. 1974) (recognizing that a defendant in default "is deemed to have admitted all well pleaded allegations in the complaint").  Specifically, the facts conceded demonstrate (i) Neff is a "consumer"; (ii) MPS' collection activities each constituted a "communication"; (iii) those collection activities arose from a "consumer debt"; and (iv) MPS is a "debt collector."  15 U.S.C. § 1692a.

The court finds Neff's complaint states a "cognizable claim for relief" under § 1692e(5).[1]  Potvin v. Paul L. Off., PLLC, No. 11-CV-308-LM, 2012 WL 1903254, at *1 (D.N.H. May 25, 2012); see Rhodes v. Olson Assocs., P.C., 83 F. Supp. 3d 1096, 1103 (D. Colo. 2015)("Because the FDCPA is a strict liability statute, Plaintiff need demonstrate only one violation of its provisions to be entitled to a favorable judgment.").

Section 1692e(5) provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general

---

[1] Although Neff identifies four FDCPA provisions which he contends MPS violated through its conduct, see doc. no. 1 ¶ 17, Neff also alleges MPS' actions "constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the provisions of the FDCPA, 15 U.S.C. § 1692 et seq." Id. ¶ 19.  Thus, the court's analysis extends beyond the four specifically identified provisions.

application of the foregoing, the following conduct is
a violation of this section:
. . .
**(5)** The threat to take any action that cannot legally be
taken or that is not intended to be taken.

Taking Neff's allegations as admitted, MPS is a foreign
corporation not registered to do business in New Hampshire.  MPS
does not have a registered agent in the State of New Hampshire.
Nonetheless, MPS threatened Neff with court action during the
single phone call alleged.  A foreign corporation is not
permitted to "maintain a proceeding in any court in this state
until it obtains a certificate of authority", see RSA 293-
A:15.02(a), and a foreign corporation must have an identified
registered agent to obtain and maintain a certificate of
authority, see RSA 293-A:15.03 (a) (3), :15.30.  MPS cannot,
therefore, legally bring an action against Neff in New
Hampshire.  Thus, MPS violated 1692e(5) by threatening Neff with
court action and Neff is entitled to default judgment on his
complaint.

## II.  **Damages**[2]

"In the case of defaulting defendants, allegations of
damages are not deemed admitted in the context of a default
judgment, and it is the plaintiff's burden to establish any

---

[2] The court did not hold a hearing on damages.  Rule 55
"makes an evidentiary hearing an available tool, not a
prerequisite, to the determination of a damage award."
AngioDynamics, Inc. v. Biolitec AG, 780 F.3d 429, 436 (1st Cir.
2015).

entitlement to recovery." Joe Hand Promotions, Inc. v. Rajan,
No. 10-40029-TSH, 2011 WL 3295424, at *3 n.2 (D. Mass. July 28,
2011) (internal quotation marks and citation omitted).

     At the outset, the court notes that although Neff requested
actual damages for "emotional distress" in his complaint, his
motion for default judgment does not appear to pursue actual
damages.  Compare doc. no. 1 with doc. no. 7.  Accordingly, the
court recommends the district judge award no actual damages.

     A. Statutory Damages

     A plaintiff may recover statutory damages for a FDCPA
violation in an amount up to $1,000.  15 U.S.C. §
1692k(a)(2)(A).  "Whether statutory damages should be granted,
and, if so, whether the full amount of $1,000 should be allowed,
is committed to the discretion of the court." Gustafson, 2015
WL 5009108, at *6 (quoting Manopla v. Bryant, Hodge and Assoc.,
LLC, No. 13-338(JAP), 2014 WL 793555, at *6 (D.N.J. Feb. 26,
2014) (internal citations omitted)).  When assessing statutory
damages in an FDCPA action, the court should consider "the
frequency and persistence of noncompliance by the debt
collector, the nature of such noncompliance, and the extent to
which such noncompliance was intentional."  15 U.S.C. §
1692k(b)(1).

     As noted above, Neff's FDCPA claim is based on two
communications with MPS: a letter MPS emailed to him and a phone

call Neff himself initiated to inquire about the letter.
Although the court determined MPS's actions gave rise to a
single FDCPA violation, those actions were a clear violation.
Accordingly, and in view of the facts in the complaint, the
court recommends that the district judge award the maximum
amount of $1,000 in statutory damages.  Forcier v. Creditors
Specialty Serv., Inc., No. 13-CV-444-LM, 2014 WL 6473043, at *13
(D.N.H. Nov. 17, 2014); Gustafson, 2015 WL 5009108, at *6.

B. Attorneys' fees and costs

A prevailing party in a FDCPA enforcement action is also
entitled to an award of costs and reasonable attorney's fees.
15 U.S.C. § 1692k(a)(3).

"The lodestar approach is the method of choice for
calculating fee awards." Matalon v. Hynnes, 806 F.3d 627, 638
(1st Cir. 2015) (citations omitted).  Under this approach, a
district court first "calculate[s] the number of hours
reasonably expended by the attorneys for the prevailing party,
excluding those hours that are 'excessive, redundant, or
otherwise unnecessary.'"  Cent. Pension Fund of the Int'l Union
of Operating Eng'rs & Participating Emp'rs v. Ray Haluch Gravel
Co., 745 F.3d 1, 5 (1st Cir. 2014) (quoting Hensley v.
Eckerhart, 461 U.S. 424, 434 (1983)).  The court then determines
"a reasonable hourly rate or rates — a determination that is
often benchmarked to the prevailing rates in the community for

lawyers of like qualifications, experience, and competence."
Id. (citation omitted).  Multiplying the results of these two
inquiries yields the lodestar amount.  Id.  The court may then
adjust the potential award based on factors not captured in the
lodestar calculation.  See Hensley, 461 U.S. at 434 & n.9;
Coutin v. Young & Rubicam P.R., Inc., 124 F.3d 331, 337 (1st
Cir. 1997).  "The party seeking the [fee] award has the burden
of producing materials that support the request."  Hutchinson ex
rel. Julien v. Patrick, 636 F.3d 1, 13 (1st Cir. 2011) (citing
Hensley, 461 U.S. at 433).

Plaintiff's attorney's affidavit, supported by billing
records, represents that she and her firm incurred $1,812.50[3] in
fees and $490.00 in other costs for filing and service in the
course of this litigation.  Tumminelli Aff. (Doc. no. 7).  The
court finds the represented amounts are reasonable.  Therefore,
the district judge should grant the plaintiff's request for
costs and reasonable attorney's fees in the amount of $2,302.50.

## Conclusion

For the foregoing reasons, the court recommends that the
district judge: (1) grant default judgment to Neff on his

---

[3] The court notes that plaintiff counsel's affidavit
indicates that she performed 7.3 hours of work on this matter at
a rate of $250.00 per hour.  Simple math indicates this would
total $1,825.00 in attorney's fees.  However, plaintiff
counsel's affidavit and accompanying invoice indicate the total
is a slightly lower amount of $1,812.50.  The court conforms its
recommended award accordingly.

complaint; (2) award Neff $1,000.00 in statutory damages for his FDCPA claim; and (3) award Neff $1,812.50 in reasonable attorney's fees and $490.00 in costs for his FDCPA claim.

Any objection to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016) (citations omitted).

_____
Andrea K. Johnstone
United States Magistrate Judge

September 27, 2021

cc:  Carolina Keri Tumminelli, Esq.
     Mediation Processing Services, LLC